Matthew R. Bainer, Esq. (SBN 220972)
**THE BAINER LAW FIRM APC**
1999 Harrison St., Suite 1800
Oakland, California 94612
Telephone:  (510) 922-1802
mbainer@bainerlawfirm.com
*Attorneys for Plaintiff Pamela Rolle*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA ROLLE, individually, and on behalf of other members of the general public similarly situated, | Case No. 2:20-cv-10232-SSS-PDx |
| Plaintiff, | **NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| ALLEGIANT AIR, LLC, a Nevada corporation; and DOES 1 through 100, inclusive, | Date:        August 11, 2023<br>Time:        2:00 p.m.<br>Courtroom:   2 |
| Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 11, 2023, at 2:00 p.m. or as soon thereafter as counsel may be heard in Courtroom 2 of the United States District Court for the Central District of California, located at 3470 Twelfth Street, Riverside, California 92501, Plaintiff Pamela Rolle will, and hereby does, move this Court for an order granting final approval of class action settlement in the above-captioned matter.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff respectfully moves for entry of an order:

1.     Granting final approval of the terms of the proposed class action settlement described in the Joint Stipulation re: Class Action Settlement ("Stipulation") as fair, reasonable, and adequate to all Class Members;

2.     Finding that the Notice of Class Action Settlement distributed to the Class Members pursuant to the Court's order granting preliminary approval constituted the best practicable notice to all Class Members under the circumstances;

3.     Finally certifying the class for settlement purposes only;

4.     Directing that compensation to all Settlement Class Members be effected pursuant to the terms of the Stipulation;

5.     Approving the payment to the California Labor Workforce Development Agency ("LWDA") in the amount of fifty thousand dollars ($50,000.00);

6.     Approving the Settlement Administrator's costs in the amount of seven thousand five hundred dollars ($7,500); and

7.     Entering final judgment in the action.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the accompanying declarations of Matthew Bainer and Jeremy Romero, and any exhibits thereto, the complete files and records of this case, the

MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT

Stipulation, and any other evidence or oral argument which may be considered by the Court at the time of the hearing.

DATED:  July 28, 2023                **THE BAINER LAW FIRM**


By:   /s/ Matthew R. Bainer
Matthew R. Bainer
Attorneys for Plaintiffs

MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.    INTRODUCTION**

On April 25, 2023, this Court granted preliminary approval of the proposed class-action settlement between Plaintiff Pamela Rolle ("Plaintiff") and Defendant Allegiant Air, LLC ("Defendant" or "Allegiant"). Plaintiff now seeks an order granting final approval of the Joint Stipulation re: Class Action Settlement ("Stipulation").

If finally approved, the Settlement will create an all-inclusive, non-reversionary settlement fund in the amount of $1,950,000.00. The proposed Settlement will dispose of this action in its entirety as to the following class:

> All persons employed by Allegiant as California-based flight attendants at any point from September 25, 2016, through the date of Preliminary Approval (April 25, 2023), and who did not file a timely and complete request to be excluded from the Settlement.

The proposed Settlement is fair, adequate, and reasonable. The Settlement provides substantial benefits to the Class Members when balanced with the strength of Plaintiff's case and the risks and expense of further litigation. In addition, the Class Members' reaction to the Settlement has been overwhelmingly positive, as, to date, there have been no objections and only 3 timely and complete requests for exclusion. Additionally, the Settlement was reached through mediated arms-length negotiations facilitated by an experienced mediator, sufficient investigation and discovery allowed Class Counsel to act intelligently, and Class Counsel supports the Settlement as being in the best interests of the Class Members. Accordingly, Plaintiff respectfully requests that this Court grant Plaintiffs' Motion for Final Approval of Class Action Settlement. Defendant does not oppose this Motion.

### **II.    RELEVANT BACKGROUND**

#### **A. Factual and Procedural Background**

MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This case involves California wage-and-hour claims against Defendant Allegiant Air, LLC, Plaintiff's claims flow from the following nucleus of factual allegations:

- Allegiant did not pay flight attendants for all hours worked;
- Allegiant did not pay flight attendants overtime compensation;
- Allegiant did not consistently provide flight attendants with timely meal or rest breaks, as required under California Law;
- Allegiant did not consistently pay flight attendants for allegedly missed meal and rest breaks;
- Allegiant required employees to perform additional work tasks while off-the-clock, resulting in unpaid work time;
- Allegiant did not provide flight attendants with complete and accurate wage statements;
- Allegiant did not provide payment of all wages to flight attendants, including, but not limited to meal and rest period premium wages, within permissible time periods; and
- As a derivative result of the above allegations, Allegiant failed to pay all terminated employees the correct amount of wages earned and failed to provide accurate itemized wage statements.

Based on those factual issues, Plaintiff brought suit against Defendant on September 25, 2020, alleging the following causes of action: (1) violations of California Labor Code §§ 510 and 1198 (unpaid overtime); (2) violations of the California Labor Code §§ 1194, 1197, and 1197.1 (unpaid minimum wages); (3) violations of California Labor Code §§ 226.7 and 512(a) (unpaid meal period premiums); (4) violations of California Labor Code § 226.7 (unpaid rest period premiums); (5) violations of California Labor Code §§ 201 and 202 (wages not timely paid upon termination); (6) violations of California Labor Code § 226(a) (non-compliant wage statements); and (7) violations of California Business and Professions Code § 17200, *et seq* (unfair business practices). On February 14,

MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT

2023, the parties filed a Stipulation to the filing of Plaintiff's First Amended Complaint adding an additional Cause of Action under PAGA.

Plaintiff and Defendant reached a settlement (the "Settlement") of the above claims after lengthy negotiations, executing the Stipulation on or around February 14, 2023. (Bainer Decl. ¶7 *see also* discussion *infra* Parts II.B.-C.) On February 17, 2023, Plaintiff moved for preliminary approval of the Settlement. On April 25, 2023, the Court granted Plaintiff's motion for preliminary approval.

## B. Plaintiff's Investigation of Her Claims and Class Claims

Plaintiff actively investigated and conducted discovery in this matter in order to sufficiently and intelligently assess the merits of her claims, individually and on behalf of the class, as well as evaluate the risks of proceeding to trial, and the adequacy and fairness of the Settlement. (Declaration of Matthew R. Bainer in Support of Plaintiff's Motion for Final Approval ("Bainer Decl."), ¶ 3-4.) Among other things, prior to filing her Complaint, Plaintiff's Counsel requested and was provided a copy of Plaintiff's entire personnel file and payroll records. Plaintiff served both Special Interrogatories and Requests for Production of Documents, to which Defendant served objections and responses and produced thousands of pages of documents relating to Defendant's policies and operations. Defendant served, and Plaintiff responded to, its own Special Interrogatories and Requests for Documents and Plaintiff's deposition has been completed.

Additionally, in support of the Parties' settlement negotiations and mediation session, Defendant provided data and information allowing Plaintiff to determine the average hourly rate of pay for Class Members, the total approximate number of Class Members who worked during the Class Period, the total number of former employees during the Class Period and the total number of workweeks worked by Class Members during the Class Period. (Bainer Decl. ¶ 3.)

Plaintiff's Counsel also performed an extensive independent investigation into the claims at issue, including (1) determining the suitability of the putative class representative through interviews, background investigations, and analyses

MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT

of employment files and related records; (2) researching wage-and-hour class actions involving similar claims; (3) acquiring information regarding putative Class Members' potential claims, identifying additional witnesses, and obtaining documents in support of Plaintiff's eventual Motion for Class Certification; (4) obtaining and analyzing Defendant's wage-and-hour policies and procedures; (5) researching the latest case law developments bearing on the theories of liability; (6) researching settlements in similar cases; (7) preparing valuation analyses of claims; (8) participating in a full-day private mediation session and preparing related memoranda; (9) negotiating the terms of this Settlement; (10) finalizing the Joint Stipulation of Class Action Settlement and Release; and (11) drafting preliminary approval papers.   The document and data exchanges allowed Plaintiff's Counsel to assess the strengths and weaknesses of the claims against Defendant and the benefits of the proposed Settlement.  (Bainer Decl. ¶ 4.)

### C. Arm's-Length Settlement Negotiations

After exchanging pre-mediation discovery, the parties attended a full day mediation with Tripper Ortman, Esq., who specializes in mediating employment disputes, including wage and hour class actions. The parties were unable to come to an agreement at that session given the then pending Petition for Certiorari to the United States Supreme Court of the Ninth Circuit's decision in *Bernstein v. Virgin Am., Inc.* (9th Cir. 2021) 990 F.3d 1157, concerning the viability of claims for meal and rest periods for Flight Attendants. Accordingly, the parties agreed to stay the action pending the outcome of the Petition. Following the denial thereof, the parties recommenced settlement negotiations through Mr. Ortman.

As a result of the mediation and subsequent rounds of negotiation, the parties were able to reach an agreement on the principal terms of settlement. The parties entered into a memorandum of understanding and then negotiated the remaining details over the course of several weeks.  At all times, the parties' negotiations were adversarial and non-collusive.   The Settlement therefore

MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT

constitutes a fair, adequate, and reasonable compromise of the claims at issue. (Bainer Decl. ¶ 5.)

## III.    THE SETTLEMENT

### A. <u>Class Definition</u>

The proposed class consists of all persons employed by Allegiant as California-based flight attendants at any point from September 25, 2016, through the date of preliminary approval (April 25, 2023), and who did not file a timely and complete request to be excluded from the Settlement.

### B. <u>Settlement Terms</u>

Plaintiff and Defendant have agreed to settle the underlying class claims in exchange for a Gross Settlement Amount of $1,950,000.  The Gross Settlement Amount includes (1) settlement payments to each Participating Class Member who does not file a request for exclusion; (2) up to $650,000 in attorneys' fees; (3) reasonable litigation costs and expenses of $12,818.66; (4) settlement administration costs of $7,500; (5) an Enhancement Payment of $10,000 to Plaintiff; (6) a Contingency Fund of $25,000; and (7) the LWDA Payment of $50,000.[1]

To the extent there are any uncashed or undeliverable Settlement Payment checks more than 120 calendar days after issuance, such uncashed/undeliverable amounts will be sent to the University of California Berkely's Institute for Research on Labor and Employment.  The cy pres recipient was selected because it most closely matches the requirements established in the Ninth Circuit.

Each Settlement Class Member's share of the Net Settlement Amount will be proportional to the number of weeks they worked as a Class Member during the Class Period.  The Settlement Administrator will calculate Individual Settlement Payments as follows:

---

[1] Notice of this settlement was provided to the LWDA concurrent with the filing of the Motion for Preliminary Approval. (Bainer Decl. ¶ 8.)

MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT

- Defendant has provided the Settlement Administrator an electronic database of all Class Members, including each Class Member's name, last known address, social security numbers, and dates based in California;

- The portion of the PAGA Payment distributed as Individual PAGA Payments shall be divided among all Class Members on a pro rata basis, based on the ratio of the number of weeks worked by each Class Member while working as a California-based flight attendant from September 25, 2019 through the date of preliminary approval of this settlement to the total number of weeks worked by all Class Members while working as California-based flight attendants during this same time period;

- The portion of the Net Settlement Amount distributed as Individual Settlement Payments to Participating Class Members shall be calculated on a pro rata basis, based on the ratio of the number of weeks worked by each Participating Class Member while working as a California-based flight attendant from September 25, 2016 through the date of preliminary approval of this settlement to the total number of weeks worked by all Participating Class Members while working as California-based flight attendants during this same time period; and

- The individual Settlement Payments will be reduced by any required deductions for each Settlement Class Member as specifically set forth herein, including employee-side tax withholdings or deductions.

## C. **The Release**

In exchange for the Class Settlement Amount, Plaintiff and Participating Class Members release the Released Claims. The Released Claims include "all claims, rights, demands, liabilities and causes of action of every nature and description pertaining to the claims litigated in the Action against Releasees, as well as claims that could have been pled in this Action based on the factual allegations contained in the operative Complaint or any amendments thereto continuing through the date of Preliminary Approval…."

## IV. CLASS NOTICE HAS BEEN EFFECTUATED AND COMPORTS WITH THE REQUIREMENTS OF DUE PROCESS AND RULE 23

Before the Court may grant final approval of a proposed class-action

MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT

settlement, adequate notice of the settlement must be provided to the class members. Fed. R. Civ. P. 23(e)(1). Class members should be given "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The notice may be by United States mail or other appropriate means. *Id.* The "best notice practicable" does not require receipt of actual notice by all class members in order to comport with both Rule 23 and the requirements of due process, but it often includes (as in this case) direct notice to class members who can be identified by regular mail. *See, e.g.*, *Burns v. Elrod*, 757 F.2d 151, 154 (7th Cir. 1985).

For a class certified under Rule 23(b)(3), class notice must "clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B). "Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard. *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (citations and quotations omitted).

The notice plan, as preliminarily approved by the Court on April 25, 2023, has been implemented by the Settlement Administrator. The Settlement Administrator received from Defendant a list containing each Settlement Class Member's full name; last known address; last known home telephone number; Social Security Number; and dates of employment (collectively, "Class Information"). (Declaration of Settlement Administrator in Support of Plaintiffs' Motion for Final Approval ("Settlement Administrator Decl.") ¶ 5.) The Settlement Administrator received Class Information for 316 Settlement Class

MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT

Members. (Settlement Administrator Decl. ¶6-7.) After receiving the Class Information, the Settlement Administrator updated the Class Information after performing a search on National Change of Address database. (*Id*.) On June 12, 2023, the Notice Packets were mailed to the Settlement Class Members by first-class U.S. mail, with pre-paid postage. (*Id*.)

Three Settlement Class Members timely and completely asked to be excluded from the Settlement; there have been 0 objections. (Settlement Administrator Decl. 9-10.)

In short, the notice procedures undertaken by the Settlement Administrator constitute the best notice practicable under the circumstances, and fully complies with Rule 23 and the requirements of due process.

## V.   THE PROPOSED SETTLEMENT MERITS FINAL APPROVAL

The settlement of a class action requires court approval. Fed. R. Civ. P. 23(e). In determining whether to grant final approval, the Court must determine whether the proposed settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2)(C); *Staton v. Boeing Co.*, 327 F. 938, 952 (9th Cir. 2003). To assess the merits of a final settlement in a class action, courts "balance a number of factors," including "the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *see also Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003); *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). The Court considers the "settlement taken as a whole." *See Hanlon*, 150 F.3d at 1026.

Although the Court has broad discretion in making a final determination that a class-action settlement is fair, the Court's discretion is "limited to the extent necessary to reach a reasoned judgment that the [settlement] is not the product of

fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable, and adequate to all concerned." *Officers for Justice*, 688 F.2d at 625. A presumption of fairness exists where "the settlement is recommended by class counsel after arm's-length bargaining." *Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011) In considering whether to grant final approval of a class-action settlement, the Ninth Circuit has recognized "a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Synocor ERISA Litig.*, 516 F.3d 1095, 1011 (9th Cir. 2008). In the end, "[s]ettlement is the offspring of compromise; the question [that the court] addresses is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate[,] and free from collusion." *Hanlon*, 150 F.3d at 1027.

### A. The Proposed Settlement Is Presumed To Be Fair.

The Court should begin its analysis with a presumption that the proposed Settlement is fair and should be approved. "Settlements that follow sufficient discovery and genuine arms-length negotiation are presumed fair." *In re Wireless Facilities, Inc. Sec. Litig. II*, 253 F.R.D. 607, 610 (S.D. Cal. 2008) (citations omitted); *see Harris*, 2011 WL 1627973, at *8 ("An initial presumption of fairness is usually involved if the settlement is recommended by class counsel after arm's-length bargaining."). Courts find that "parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation." *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 377 (9th Cir. 1995).

Here, the parties negotiated the proposed Settlement at arm's length with the assistance of an experienced mediator, Tripper Ortman, Esq. (Bainer Decl. ¶ 6.) Significant factual investigation and discovery allowed Class Counsel—who is experienced in wage-and-hour class-action litigation—to assess the strengths and weaknesses of the claims against Defendant and the benefit of the proposed

Settlement. (*Id*.) During the course of the litigation, Class Counsel reviewed hundreds of pages of documents produced by Defendant, including relevant wage-and-hour policy documents, obtained a sampling of timekeeping and payroll records, and prepared a damages model based on analysis of the time and payroll data and information obtained from Defendant. (Bainer Decl. ¶ 3-5.) Plaintiff and Class Counsel therefore had adequate information to gauge the value of the Class Members' claims and assess whether the proposed Settlement is fair, adequate, and reasonable. (*See* discussion *supra* Part II.B.) As discussed further below, Class Counsel supports the Settlement because it achieves a significant result for the Settlement Class Members, particularly in light of the risks of continued litigation. (*See, e.g.*, discussion *infra* Part V.B.3.)

### B. Relevant Criteria Support Final Approval of the Settlement.

In deciding whether to grant final approval of a class-action settlement, courts must determine whether it is "fair, reasonable, and adequate" after considering whether "(a) the class representatives and class counsel have adequately represented the class; (b) the proposal was negotiated at arm's length; (c) the relief provided for the class is adequate . . . ; and (d) the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2). These factors are not exhaustive, however, and should be tailored to each case. *Staton*, 327 F.3d at 959; *see* Fed. R. Civ. P. 23(e)(2) 2018 advisory committee's note ("The goal of this amendment is not to displace any factor, but rather to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal."). Applied to this case, the relevant criteria support final approval of the proposed Settlement.

### 1. Plaintiff and Class Counsel Have Adequately Represented the Class.

Final approval is favored because Plaintiff and Class Counsel conducted an adequate investigation and discovery prior to reaching a settlement. "A court is more likely to approve a settlement if most of the discovery is completed because

it suggests that the parties arrived at a compromise based on a full understanding of the legal and factual issues surrounding the case." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal. 2004). The greater the amount of discovery that has been completed, the more the parties have 'a clear view of the strengths and weaknesses of their cases." *Young*, 2007 WL 951821, at *4.

Plaintiff conducted extensive investigation and discovery prior to mediation. (*See* discussion *supra* Part II.B.) Plaintiff's counsel obtained documents and information from Defendant sufficient to realistically assess Plaintiff's claims and proceed with class certification if necessary. (Bainer Decl. ¶ 3-4; *see also* discussion *supra* Part II.B.) Plaintiff's counsel analyzed and evaluated Defendant's policy and procedure documents, time and payroll records, information from relevant witnesses, as well as conducting an independent investigation as described above. (Bainer Decl. ¶ 3-4; *see also* discussion *supra* Part II.B.) Based on the information and record developed through extensive investigation and discovery, Plaintiff's counsel was able to act intelligently and effectively in negotiating the proposed Settlement. (Bainer Decl. ¶ 7; *see also* discussion *supra* Part II.B.)

Additionally, Class Counsel was able to adequately represent the class in negotiating the Settlement as a result of Class Counsel's experience in handling similar class actions. Reliance on such recommendations is premised on the fact that "parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation." *In re Pac. Enters. Sec. Litig.*, 47 F.3d at 378. Class Counsel has handled dozens of wage-and-hour class-action lawsuits in both state and federal courts. (*See* Bainer Decl. ¶ 8.) Through its investigation, review of discovery materials, litigation, and the mediation, Plaintiff's counsel had an intimate understanding of the instant litigation and believes the Settlement is fair, adequate, and reasonable. (Bainer Decl. ¶ 7.)

1

### 2.    The Settlement Was Negotiated at Arm's Length.

Evidence that a settlement agreement is the result of genuine arm's length bargaining with a private mediator after factual discovery also supports a conclusion that the Settlement is fair. *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (2016) ("We put a good deal of stock in the product of an arms-length non-collusive, negotiated resolution."); *see also In re Apple Computer, Inc. Derivative Litig.*, No. C 06-4128 JF (HRL), 2008 WL 4820784, at *3 (N.D. Cal. Nov. 5, 2008) (mediator's participation weighs considerably against any inference of a collusive settlement. Here, the Settlement was reached after extensive negotiations, with the assistance of an experienced mediator, Tripper Ortman, Esq. The Parties continued to negotiate terms of Settlement after reaching the agreement in principle with Mr. Ortman. These discussions were at arm's length and non-collusive, and conducted by experienced class-action counsel. Plaintiff was represented by seasoned class-action counsel who litigate wage-and-hour claims through certification and on the merits, and have considerable experience with those types of cases. (*See* discussion *supra* Part V.B.1.) Defendant was represented by Morgan, Lewis & Bockius LLP, a nationally recognized employment defense law firm. Therefore, these circumstances also favor a final determination that this Settlement is fair, adequate, and reasonable.

### 3.    The Relief Provided to the Class Is Adequate.

To determine whether the class relief is adequate, the Court should consider "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)." Fed. R. Civ. P. 23(e)(2)(C).[2]

---

[2] There are no separate agreements for the Court to consider in granting final approval of the proposed Settlement.

MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

"An important consideration in judging the reasonableness of a settlement is the strength of the plaintiff's case on the merits balanced against the amount offered in the settlement." *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 488 (C.D. Cal. 2010) (internal quotation mark omitted). Plaintiff evaluated the claims in light of the risks of continued litigation in order to determine a reasonable range of class relief. Although Plaintiff believes the class claims are strong, Defendant disputes liability and, except for settlement purposes, the appropriateness of class certification. Defendant has vigorously defended the action, and the related cases, and, absent settlement, would continue to do so. Plaintiff recognizes the risks she faces in proceeding with litigation, and that she may have encountered.

For example, although many courts have certified classes in wage-and-hour actions, some courts have disagreed, finding that wage-and-hour cases present too many individualized issues.[3] The risk of being denied class certification favors

---

[3] *See Duran v. U.S. Bank Nat'l Assoc.*, 59 Cal. 4th 1, 31 (2014) (reversing a verdict from a class trial); *Ali v. U.S.A. Cab Ltd.*, 176 Cal. App. 4th 1333, 1341 (2009) (affirming denial of certification because employees' declarations attesting to having taken meal and rest breaks demonstrated that individualized inquiries were required to show harm); *Campbell v. Best Buy Stores, L.P.*, No. LA CV12-07794JAK (SH1), 2013 WL 5302217, at *11-12 (C.D. Cal. Sept. 20, 2013) (following *Brinker* and denying certification of proposed off-the-clock and rest and meal break classes due to lack of uniform policy); *Jimenez v. Allstate Ins. Co.*, No. LA CV10-08486 JAK (FFMx), 2012 WL 1366052, at *22 (C.D. Cal. Apr. 18, 2012) (denying motion to certify meal and rest break classes based on employer's practice of understaffing and overworking employees); *Gonzalez v. Officemax N. Am.*, No. SACV 07-00452, 2012 WL 5473764, at *2 (C.D. Cal. Nov. 5, 2012) (same); *Brown v. Fed. Express Corp.,* 249 F.R.D. 580, 587-88 (C.D. Cal. 2008) (denying certification of driver meal and rest period claims based on the predominance of individual issues); *Kenny v. Supercuts, Inc.*, 252 F.R.D. 641, 645 (N.D. Cal. 2008) (denying certification on meal periods claim); *Blackwell v. Skywest Airlines, Inc.*, 245 F.R.D. 453, 467-68 (S.D. Cal. 2007) (declining to certify class action because individual issues predominated when different employee stations provided different practices with respect to meal periods).

MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

settlement, because when class certification is denied, there is little incentive for parties to proceed where individual damages are relatively small. *See, e.g.*, *In re Baycol Cases I & II*, 51 Cal. 4th 751, 758 (2011) (explaining that a dismissal of class claims is effectively the "death knell" of the case, despite survival of individual claims).

Moreover, Plaintiff would have to overcome Defendant's defenses on the merits, which include that Plaintiff and the proposed class were compensated for all time worked and provided meal and rest breaks in accordance with California law. The proposed Settlement in the amount of $1,950,000.00 is therefore reasonable when balanced against the strengths and weaknesses of Plaintiff's claims. If the putative class is not certified, the value of Plaintiff and the Class Members' individual cases would be reduced to a fraction of the Settlement value. Many Class Members would also be shut out of recovery for the wage-and-hour violations Plaintiff contends that Defendant committed. Although Plaintiff and her counsel strongly believe in the underlying merit of their claims, they recognize the challenges of proceeding.

Considering the costs, risks, and delay of trial and appeal, the effectiveness of the proposed method of distributing relief to the class, and the terms of the proposed award of attorneys' fees, the relief provided to the class is adequate.

### 4.    The Settlement Does Not Provide Preferential Treatment to Plaintiff or Any Segment of the Class.

The fourth factor for the Court to examine is whether the proposed settlement provides preferential treatment to any class member. "[T]o the extent feasible, the plan should provide class members who suffered greater harm and who have stronger claims a larger share of the distributable settlement amount." *Hendricks v. StarKist Co.*, Case No. 13-cv-007290HSG, 2015 WL 4498083, at *7 (N.D. Cal. July 23, 2015). Here, the proposed Settlement poses no risk of unequal treatment of any Settlement Class Member. Each Settlement Class Member's Individual Settlement Payment is calculated on a pro rata basis based on their

MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT

workweeks.

The Settlement also provides for an incentive award to Plaintiff in an amount not to exceed $10,000.00, subject to Court approval. As set forth in Plaintiffs' Motion for Attorneys' Fees and Costs and Service Awards, filed concurrently herewith, this modest payment is appropriate based on the substantial risk assumed by and the services undertaken by Plaintiff on behalf of the Class Members. Furthermore, the Ninth Circuit has recognized that service awards to named plaintiffs in class actions are permissible. *See Staton*, 327 F.3d at 977. Thus, the absence of any preferential treatment supports final approval.

**5.    Class Members' Reaction to the Proposed Settlement.**

In assessing the fairness, adequacy, and reasonableness of the Settlement, courts also consider the reaction of the class. *Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003). "It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528-29 (C.D. Cal. 2004).

This factor also favors final approval. To date no class members have objected to the Settlement. (Claims Administrator Decl. ¶ 10.) Additionally, only three, representing approximately 0.6% of the overall class, have requested exclusion. (Claims Administrator Decl. ¶ 9.) Given the overall positive reaction from Settlement Class Members, final approval of the Settlement is appropriate.

## VI.    THE COURT SHOULD CERTIFY THE CLASS FOR SETTLEMENT PURPOSES ONLY

A party seeking to certify a class must demonstrate that she has met the "four threshold requirements of Federal Rule of Civil Procedure 23(a): (i) numerosity; (ii) commonality; (iii) typicality; and (iv) adequacy of representation." *Levya v. Medline Indus., Inc.*, 716 F.3d 510, 512 (9th Cir. 2013).

MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT

Once these prerequisites are satisfied, the Court must consider whether the proposed class can be maintained under at least one of the requirements of Rule 23(b). *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). Plaintiff, here, seeks certification pursuant to Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Given that the elements of liability need not be proven and for settlement purposes, the proposed class satisfies each of these requirements.

## A. The Proposed Class Is Sufficiently Numerous.

The numerosity requirement is satisfied when "joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The numerosity requirement is not tied to any fixed numerical threshold, but courts generally find the numerosity requirement satisfied when a class includes at least 40 members. *Rannis v. Recchia*, 380 F. App'x 646, 650-51 (9th Cir. 2010); *see also Vasquez v. Coast Valley Roofing, Inc.*, 670 F. Supp. 2d 1114, 1121 (E.D. Cal. 2009) (numerosity presumed at 40 class members). A reasonable estimate of the number of purported class members is sufficient to meet the numerosity requirement. *In re Badger Mountain Irrigation Dist. Sec. Litig.*, 143 F.R.D. 693, 697 (W.D. Wash. 1992). Here, the proposed class consists of 316 persons. (Claims Administrator Decl. ¶ 11.) Thus, the class is sufficiently numerous so as to make joinder impracticable.

## B. Common Questions of Law and Fact Predominate.

The commonality requirement is also met for settlement purposes. In this regard, Plaintiffs are not required to show commonality on *every* factual and legal issue; rather, "for purposes of Rule 23(a)(2), even a single common question will do." *Wal-Mart Stores, Inc.*, 564 U.S. at 359 (internal quotations and alterations omitted). Further, courts have found that "[t]he existence of shared legal issues with divergent factual predicates is sufficient, to satisfy commonality under Rule

MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT

23 as is a common core of salient facts coupled with disparate legal remedies within the class." *Smith v. Cardinal Logistics Mgmt. Corp.*, No. 07-2104 SC 2008 WL 4156364, at *5 (N.D. Cal. Sept. 5, 2008). Individualized or deviating facts will not preclude class treatment if most class members were subjected to a policy in a way that gives rise to consistent liability or lack thereof. *See Arrendondo v. Delano Farms Co.*, No. CV-F 09-1247 LJO DLB, 2011 WL 1486612, at *15 (E.D. Cal. Apr. 19, 2011).

Importantly, "whether a proposed class is sufficiently cohesive to satisfy Rule 23(b)(3) is informed by whether certification is for litigation or settlement. A class that is certifiable for settlement may not be certifiable for litigation if the settlement obviates the need to litigate individualized issues that would make a trial unmanageable." *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 558 (9th Cir. 2019); *see also Amchem Prods.,* 521 U.S. 591, 618-20 (1997).  Thus, where the matter is being settled, a showing of manageability at trial is unnecessary. *Id*.

Commonality is satisfied in this case.  Plaintiff contends that her and the Settlement Class Members' claims arise from common, uniform practices which involve common questions of law and fact, including but not limited to: (1) whether employees performed work off the clock as a result of Defendant's policy of paying Flight Attendants according to a formulaic versus hourly methodology; (2) whether employees were not provided with timely meal and rest breaks as a result of their company derived flight and work schedules; (3) as a result, Defendant willfully failed to pay all wages owed to employees at the time of separation, failed to provide accurate wage statements and maintain required records; and (4) Defendant committed these or other unfair and unlawful business practices in violation of Business & Professions Code § 17200.  As Plaintiff contends Defendant's policies and practices, and the questions of law and fact they raise, apply uniformly to all Class Members, certification is appropriate for

MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT

1    settlement purposes.[4]

2

### C. Plaintiff's Claims Are Typical of Those of the Class.

3    "Like the commonality requirement, the typicality requirement is

4 'permissive.'" *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010). The

5 typicality requirement is satisfied where the named plaintiff is a member of the

6 proposed class and her claims are "reasonably coextensive with those of the absent

7 class members," though "they need not be substantially identical." Fed. R. Civ. P.

8 23(a)(3); *Hanlon*, 150 F.3d at 1020; *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508

9 (9th Cir. 1992). Typicality turns on "whether other members have the same or

10 similar injury, whether the action is based on conduct which is not unique to the

11 named plaintiffs, and whether other class members have been injured by the same

12 course of conduct." *Ellis v. Costco Wholesale Corp.,* 657 F.3d 970, 984 (9th Cir.

13 2011) (quoting *Hanon*, 976 F.2d at 508).

14    Here, Plaintiff contends that she and all non-exempt employees of Defendant

15 were subject to the same allegedly non-compliant policies and practices. For

16 example, Plaintiff alleges that Defendant failed to provide her and the Class

17 Members lawful meal and rest breaks and associated premium pay, failed to pay all

18 overtime and minimum wages due, failed to timely pay wages and associated

19 waiting time penalties, and failed to issue accurate wage statements. As a result,

20 Plaintiff contends that she and the Class Members suffered the same or similar

21 injuries, resulting from the same or similar conduct by Defendant. The proposed

22 class thus meets the typicality requirement for settlement purposes.

23

### D. Plaintiff and Her Counsel Adequately Represented the Settlement

24      Class Members.

25

26 [4] The Ninth Circuit confirmed in *In re Hyundai & Kia Fuel Economy Litigation* that the relaxed predominance standard is met where a settlement concerns a "cohesive group of individuals [who] suffered the same harm in the same way because of the [defendant's] alleged conduct. 926 F.3d at 559. Because this is not a matter wherein "individual stakes are high and disparities among class members great," common questions predominate. *Id.*

27

28

MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT

A class representative must be able to "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement is satisfied if (1) the proposed representative Plaintiffs does not have conflicts of interest with the proposed class, and (2) Plaintiff is represented by qualified and competent counsel. *Hanlon*, 150 F.3d at 1020. There are no conflicts between Plaintiff and her counsel and the Class Members. Plaintiff has worked closely with her counsel throughout the case to ensure that the putative class is adequately represented. Moreover, Plaintiff and her counsel have shown they will vigorously represent the interests of the Class Members and have sufficient resources to enable them to vigorously pursue the claims on behalf of the class. Further, as described above, Plaintiff's Counsel is experienced in wage-and-hour class litigation and are qualified to serve as class counsel. (*See* discussion *supra* Part V.B.1.)

### E. A Class Action Is a Superior Method of Adjudication.

Rule 23(b)(3)'s superiority requirement is satisfied where "classwide litigation of common issues will reduce litigation costs and promote greater efficiency," or where "no reasonable alternative exists." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234-35 (9th Cir. 1996). In the context of a class action settlement, "manageability is not a concern [because …] by definition, there will be no trial." *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d at 556-67. With 23,767 Settlement Class Members, and in light of the predominance of common legal and factual issues, a class action is a superior method of adjudication in this context. Additionally, although the value of individual claims is not insignificant, the amount in controversy is not nearly enough to incentivize individual action. *See Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1176 (9th Cir. 2010). The class action device therefore provides the superior procedural vehicle to resolve this controversy.

Accordingly, the class should be finally certified for settlement purposes.

MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT

**VII.   CONCLUSION**

    For the foregoing reasons, Plaintiff respectfully requests that the Court grant final approval of the Settlement.  Defendant does not oppose Plaintiff's request.


DATED:  July 28, 2023                  **THE BAINER LAW FIRM**


                          By:   /s/ Matthew R. Bainer
                          MATTHEW R. BAINER
                          Attorneys for Plaintiffs