JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA ROLLE, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALLEGIANT AIR, LLC, a Nevada corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:20-cv-10232-SSS-PDx<br><br>[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING JUDGMENT CONSISTENT WITH THE SETTLEMENT TERMS [Dkt. 60] |

1  Having reviewed and considered the Plaintiff Pamela Rolle's ("Plaintiff")
2  Motion for Final Approval of Class Action Settlement, and GOOD CAUSE
3  appearing, the Court hereby GRANTS said motion as follows:
4      IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS
5  FOLLOWS:
6      1.  For purposes of this Final Approval Order and Judgment
7  ("Judgment"), the Court adopts all defined terms as set forth in the Stipulation of
8  Settlement ("Stipulation") filed in this Action.
9      2.  The Court has jurisdiction over all claims asserted in the Action,
10 Plaintiff, the Class Members, and Defendant Allegiant Air, LLC ("Allegiant").
11     3.  The Court finds that the Settlement was made and entered into in good
12 faith and hereby approves the Settlement as fair, adequate and reasonable to all
13 Class Members.  No objections were received.  Any Class Members who have not
14 timely and validly requested exclusion from the Class are thus bound by this
15 Judgment.

## Class Certification

17     4.  In the Court's April 25, 2023 Order Granting Plaintiff's Unopposed
18 Motion For Preliminary Approval of Class and Representative Action Settlement,
19 the Court certified the Class for purposes of settlement. (Dkt. 58.) The Court finds,
20 for purposes of settlement only, that the Class meets the requirements for
21 certification on all other theories under Federal Rules of Civil Procedure, Rule 23,
22 in that: (1) the Class is so numerous that joinder of all members is impractical; (2)
23 there are questions of law and fact that are common to the Class which predominate
24 over individual issues; (3) Plaintiff's claims are typical of the claims of the Class;
25 (4) Plaintiff and her counsel will fairly and adequately protect the interests of the
26 Class; and (5) a class action is superior to other available methods for the fair and
27 efficient adjudication of the controversy.  For purposes of effectuating the
28

Settlement, the Court finally certifies the following Class:

> All persons employed by Allegiant as California-based flight attendants at any point from September 25, 2016, through April 25, 2023.

6. In the Court's April 25, 2023 Order, Plaintiff Pamela Rolle was appointed as class representative. (Dkt. 58.) The Court confirms her appointment for purposes of this Settlement.

7. In the Court's April 25, 2023 Order, The Bainer Law Firm APC was appointed as Class Counsel. (Dkt. 58.) The Court confirms their appointment for purposes of this Settlement.

**Class Notice**

8. Notice to Class Members, as set forth in the Stipulation, has been completed in conformity with the terms of the Stipulation and Preliminary Approval Order as to all Class Members who could be identified through reasonable effort. The Court finds that said notice was the best notice practicable under the circumstances. The Notice Packets provided due and adequate notice to Class Members of the proceedings and of the matters set forth therein, including the Settlement, and the manner by which objections to the Settlement could be made and Class Members could opt out of the Settlement. The Notice Packets fully satisfied the requirements of due process.

**Objections and Requests for Exclusion**

9. Zero (0) objections to the Settlement were submitted by any Class Members.

10. Requests for Exclusion were submitted by three (3) Class Members. The Court finds that the following Class Members submitted a valid and timely Request for Exclusion and therefore shall not be bound by the terms of the Stipulation:

1. Deanna Tregre
2. Patricia Johnson
3. Victor Cipolla

### Release of Claims and Injunction

11. Plaintiff and all other Class Members, except the Class Member(s) identified in Paragraph 10 above, shall have, by operation of this Judgment, fully, finally, and forever released, relinquished, and discharged the Released Parties from all Released Claims as defined by the Stipulation.

12. Plaintiff and all other Class Members, except the Class Member(s) identified in paragraph 10 above, are hereby enjoined from filing or prosecuting any other cases, claims, suits or administrative proceedings involving Released Claims.

### Payments Pursuant to the Stipulation

13. The Court finds that the Gross Settlement Amount, the Net Settlement Amount for each Class Member, and the methodology used to calculate and pay each Class Member's Net Settlement Amount are fair and reasonable, and authorizes the Settlement Administrator to pay the Net Settlement Amounts to the Class Members in accordance with the terms of the Stipulation. 14.

15. Class Counsel shall be paid $650,000 as their attorneys' fees and $12,818.66, for reimbursement of costs and expenses from the Gross Settlement Amount in accordance with the terms of the Stipulation. The Court finds these amounts to be fair and reasonable and sufficiently supported.

16. Plaintiff Pamela Rolle shall be paid an Enhancement Payment in the amount of Ten Thousand Dollars ($10,000.00) from the Gross Settlement Amount in accordance with the terms of the Stipulation. The Court finds this amount to be fair and reasonable and sufficiently supported.

17. The Settlement Administrator shall be paid Seven Thousand and Five Hundred Dollars ($7,500.00) from the Gross Settlement Amount for the costs and

expenses of administering the Settlement.

18. A payment in the amount of Fifty Thousand Dollars ($50,000.00) from the Gross Settlement Amount shall be allocated to penalties under The Labor Code Private Attorneys General Act of 2004, California Labor Code sections 2698, *et seq.*, and paid by the Settlement Administrator directly to the California Labor and Workforce Development Agency.

## Other Provisions

19. The Parties shall implement the Settlement according to its terms.

20. The Court reserves exclusive and continuing jurisdiction over the Action, Plaintiff, the Class Members, and Allegiant for purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Settlement and this Judgment.

21. The Court hereby enters judgment for Plaintiff and the Class Members in accordance with the terms of the Stipulation, and this order is a final and appealable order.

22. If the Settlement does not become final and effective in accordance with its terms, this Judgment shall be rendered null and void and shall be vacated and, in such event, all related orders entered and all releases delivered in connection herewith also shall be rendered null and void.

23. The Court sets a Non-Appearance Hearing (Case Review) Re: Distribution on February 10, 2022, at 2:00 p.m. The parties must file a final report regarding distribution by February 2, 2022.

IT IS SO ORDERED.

Dated: August 11, 2023

_____
HON. SUNSHINE SYKES
UNITED STATES DISTRICT JUDGE